COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-313-CV

 

 

NELL YELDELL                                                                    APPELLANT

 

                                                   V.

 

DENTON CENTRAL                                                                 APPELLEE

APPRAISAL DISTRICT

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                           I. Introduction

Appellant Nell Yeldell appeals the trial court=s
dismissal of her lawsuit.  We affirm.








                              II.
Factual and Procedural History








Yeldell filed a protest with the Denton County
Appraisal Review Board (AARB@) over
the 2006 appraised value of her property and obtained an order from the
ARB.  Subsequently, Yeldell filed the
underlying lawsuit against the Denton County Appraisal District (ADistrict@)
seeking relief for newly alleged claims.[2]  On July 11, 2007, the District filed a plea
to the jurisdiction and special exceptions, specifically alleging that Yeldell
failed to protest any of her newly alleged claims to the ARB as required by law.
After holding a hearing on this motion, the trial court signed an order
dismissing the lawsuit on July 31.  This
appeal followed. 

                                            III.
Analysis








On November 28, 2007, this court notified Yeldell
that her brief was defective and requested that she file an amended brief.  We specifically told Yeldell that her brief
did not conform to the requirements for briefs submitted on appeal as set forth
in Texas Rule of Appellate Procedure 38. 
Her brief did not conform in the following respects:

a.  The brief did not comply with Rule 38.1(a),
Texas Rule of Appellate Procedure, as it did not list all the parties and
counsel.

 

b.  The brief did not comply with Rule 38.1(b),
Texas Rule of Appellate Procedure, as it did not contain a table of contents.

 

c.  The brief did not comply with Rule 38.1(c),
Texas Rule of Appellate Procedure, as it did not contain an index of
authorities.

 

d.  The brief did not comply with Rule 38.1(d),
Texas Rule of Appellate Procedure, as it did not contain a statement of the
case that should have record references.

 

e.  The brief did not comply with Rule 38.1(e),
Texas Rule of Appellate Procedure, as it did not contain the issues presented.

 

f.  The brief did not comply with Rule 38.1(f),
Texas Rule of Appellate Procedure, as it did not contain the statement of facts
with record references.

 

g.  The brief did not comply with Rule 38.1(g),
Texas Rule of Appellate Procedure, as it did not contain a summary of the
argument.

 

h.  The brief did not comply with Rule 38.1(h),
Texas Rule of Appellate Procedure, as it did not contain a clear and concise
argument for the contentions made, with appropriate citations to legal
authorities and to the record. 

 

i.  The brief did not comply with Rule 38.1(i),
Texas Rule of Appellate Procedure, as it did not contain a prayer.

 

j.  The brief did not comply with Rule 9.5(d),
Texas Rule of Appellate Procedure, as it did not contain a certificate of
service.

 








k.  The brief did not comply with Local Rule A,
Second Court of Appeals Local Rules, as it did not contain a front cover.

 

l.  The brief did not comply with Local Rule E,
Second Court of Appeals Local Rules, as Appellant failed to provide four (4)
copies.

 

m.  The brief did not comply with Local Rule G,
Second Court of Appeals Local Rules, as it is longer than the allowable page
limit.

 

Yeldell filed an amended brief on February 25,
2008, per the court=s November 28 letter permitting
her to do so.  The District contends that
Yeldell=s
amended brief does not comply with Texas Rule of Appellate Procedure 38.  Specifically, the District argues that
Yeldell=s
amended brief does not provide a succinct and direct analysis of any reversible
error, nor does it include any reference to the record or any legal authority
as required by Rule 38.1(h).  We agree.








On appeal, as at trial, the pro se appellant must
properly present her case.  Strange v.
Cont=l Cas. Co., 126
S.W.3d 676, 678 (Tex. App.CDallas
2004, pet. denied), cert. denied, 543 U.S. 1076 (2005). Texas Rule of
Appellate Procedure 38 prescribes the requirements for briefs submitted on
appeal.  TEX. R. APP. P.
38.  The rule provides that a brief to
this Court shall contain, among other things, a concise, nonargumentative
statement of the facts of the case, supported by record references, and a clear
and concise argument for the contentions made with appropriate citations to
authorities and the record.  McIntyre
v. Wilson, 50 S.W.3d 674, 682 (Tex. App.CDallas
2001, pet. denied); King v. Travis County, No. 03-05-00081-CV, 2007 WL
1647817, at *3 (Tex. App.CAustin June 6, 2007, no pet.)
(mem. op.).  Bare assertions of error,
without citations to authority, waive error. 
Liberty Mut. Ins. Co. v. Griesing, 150 S.W.3d 640, 648 (Tex. App.CAustin
2004, pet. dism=d w.o.j.); see also Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994).

We are faced with a difficult task in addressing
the appeal of this pro se appellant.  We
realize that Yeldell has proceeded without the assistance of counsel.  However, in order to prevent unfair advantage
over litigants represented by counsel, pro se litigants are held to the same
standards as licensed attorneys; all parties appearing in the appellate courts
of Texas must conform to the Texas Rules of Appellate Procedure.  See
Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005); King, 2007 WL
1647817, at *3; Strange, 126 S.W.3d at 677.  Although we are to construe the rules of
appellate procedure liberally, in this case, Yeldell=s
briefing is so inadequate that we would have to make her legal arguments for
her.  See Republic Underwriters Ins.
Co. v. Mex‑Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); King,
2007 WL 1647817, at *3.  We have little latitude
on appeal, and we cannot remedy deficiencies in a litigant=s
brief.  See Strange, 126 S.W.3d at
678.








After reviewing Yeldell=s
amended brief, we hold that it is deficient in the following ways: 

The brief does not comply with Rule 38.1(b)[3]:

The brief does not contain a table of contents as
required by Rule 38.1(b).  In response to
our letter notifying Yeldell of the deficiency in her original brief for
failure to include a table of contents, Yeldell states in her amended brief
that Aappellee
have [paid] the Clerk=s for records for the index and
she will send the record in to the Court of Appeals.@  Under Rule 38.1(b), Yeldell is required to
include a Atable of contents with
references to the pages of the brief. 
The table of contents must indicate the subject matter of each issue or
point, or group of issues or points.@  TEX. R. APP. P.
38.1(b).  We hold that sending the clerk=s record
to the court of appeals is insufficient to comply with this rule.  Yeldell was required to include a table of
contents within her brief and she failed to do so.








The brief does not comply with Rule 38.1(c):

The brief does not contain an index of
authorities as required by Rule 38.1(c). 
Yeldell stated in her brief that Athe
index of authorities are listed in the clerks records. . . . Appellant will
bring the copy of the clerk=[s]
record to the clerk=s of authorities. . . . A  However, Rule 38.1(c) states that the Abrief
must have an index of authorities arranged alphabetically and indicating the
pages of the briefs where the authorities are cited.@  TEX. R. APP. P.
38.1(c).  Again, we hold that Abring[ing]
a copy of the clerk=s record@ to the
court is insufficient.  Under Rule
38.1(c), Yeldell was required to include an index of authorities within her
brief, and she failed to do so.

The brief does not comply with 38.1(d):

Although Yeldell=s brief
contains a statement of the case, she failed to include record references as
required by Rule 38.1(d).  Again, instead
of including record references within her brief, Yeldell states that she will
bring the record of the hearing to the Court of Appeals.  We reemphasize that such action is
insufficient to comply with Rule 38.1(d) because Yeldell was required to
support her statement of the case with specific references to the
record.  She failed to do so.








The brief does not comply with Rule 38.1(h):








Yeldell=s brief
does not contain a clear and concise argument for the contentions made, nor
does it contain appropriate citations to legal authorities and to the record as
required by Rule 38.1(h).  Although
Yeldell=s brief
does include her issues on appeal, she cites no legal authority to support her
arguments.  Nor are her arguments
clear.  It appears that she is arguing
that the DistrictCparticularly District Chief Joe
RogersChas
taken her property because the District refuses to correct the plot records
that inaccurately state which property she owns, and as a result, she is paying
taxes on property other than her own. 
She also contends that she was denied the opportunity to have a jury
trial on this matter.[4]  Although Yeldell does cite some lawCincluding
the United States Constitution, the Fourth and Fifth Amendments, and various
rules of federal procedureCthe law
she cites does not support the arguments she sets forth.  Moreover, Yeldell fails to analyze the issues
that she has presented for review in any meaningful way.  Her arguments are based on generalized
statements and consist of arguments without substantive relationship to
specific legal theories.  Because an issue
on appeal unsupported by analysis or citation to any legal authority presents
nothing for the court to review, we are unable to evaluate the merits of her
appeal.  See Strange, 126 S.W.3d
at 678; Cooper v. McFadin, No. 02-06-00173-CV, 2007 WL 2405124, at *1
(Tex. App.CFort Worth Aug. 24, 2007, pet.
denied) (mem. op.); Liberty Mut. Ins. Co., 150 S.W.3d at 648 (stating
that bare assertions of error, without citations to authority, waive error).

                                          IV.
Conclusion

Because Yeldell has failed to comply with
appellate rule 38, and because we have already given Yeldell the opportunity to
amend her brief even though we are not required to do so, we hold that Yeldell
has waived any error.  See TEX. R. APP. P.
38.1(h); Fredonia State Bank, 881 S.W.2d at 284B85
(citing the long‑standing rule that a point may be waived due to
inadequate briefing and that a court is not required to allow appellant
opportunity to amend an inadequate brief); Liberty Mut. Ins. Co.,150
S.W.3d at 648.  Accordingly, we overrule
Yeldell=s points
on appeal and affirm the trial court=s
dismissal.[5]

 

PER
CURIAM

 

PANEL: MCCOY, GARDNER,
and WALKER, JJ.

 

DELIVERED: August 29,
2008











[1]See TEX. R. APP. P. 47.4.





[2]Yeldell=s claimsCas asserted in her
original petitionCinclude the following:

 

$                  
Failure to keep Plaintiff[=s] land and houses in a uniform order.

$                  
Failure to address all Property correctly.

$                  
Failure to appraise Plaintiff=s property correctly.

$                  
Failure to estate of sufferance. 

$                  
Property has been taken by actionable wrong.

$                  
Several civil wrongs have been done.

$                  
Plaintiff=s rights have been violated.

$                  
The plaintiff has had a direct invasion of her legal rights to her
property and an invasion to the plaintiff.

$                  
Plaintiff has been forced to pay taxes on land that is not listed in
the city tax office or the county=s tax office.

$                  
Plaintiff has been forced to pay taxes on land that doesn=t exist.

$                  
Violation of the rightful description of the property belonging to the
Plaintiff.

$                  
False statement of punctuation.

$                  
Plaintiff has no addresses listed on receipts of taxes.  She does not know where she pays taxes.  Tax office refuses to address Plaintiff=s property.

$                  
Plaintiff is a 70 year old woman and these matters [have] placed undue
stress upon her.

$                  
The Appraisal District refuse[s] to see wrongness on deeds.

$                  
Address change to fit a [taking] of land.

$                  
Plaintiff is being forced to pay money on property that is not set in
a legal form or manner, and false claims acts.

$                  
Removing the Plaintiff from her original land mark and placing her
where the appraiser said to place the Plaintiff.

$                  
Plaintiff has been abused mental [sic] because of the illegal and
corruptible acts that the Appraisal District refuses to correct.

$                  
Wrongful divesting.

$                  
Falsifying records.

$                  
Tampering with records.

$                  
Identity theft by using the Plaintiff=s name and address on the
wrong tax record.

$                  
Injure [sic] with deceiving.

$                  
Concealment of Records deeds to identify the rightful land.

$                  
Counterfeit deeds for the wrongful block lots.

$                  
Appraisal contributing to a wrong.

$                  
Wrongful blocks, lot, and addresses for the taking.

$                  
Moving a company onto property and using the Plaintiff=s tax number.

$                  
Many more violations. 

 





[3]All rules refer to the
Texas Rules of Appellate Procedure unless otherwise noted.





[4]Specifically, Yeldell
alleges in her brief that the Alots have been replated and her land have been
taken, the taxs rolls or in corrupition, her deeds is taken, her name is taken
and been used for companys. The presiding judge refused to give her a jury
trial. . . .@





[5]Throughout the pendency
of her appeal, Yeldell presented a large variety of motions and correspondence
for the court=s consideration.  We hold that all motions and other filings
are hereby overruled.