**Dorothy STRANGE, Appellant**

v.

**CONTINENTAL CASUALTY COMPANY, Appellee.**

No. 05–03–00348–CV.

Court of Appeals of Texas, Dallas.

Jan. 29, 2004.

Rehearing Overruled Feb. 26, 2004.

Dorothy Strange, Dallas, pro se.

David L. Brenner, Burns Anderson Jury & Brenner, L.L.P., Austin, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

Pro se appellant Dorothy Strange appeals the district court's affirmance of a Texas Workers' Compensation Commission Appeals Panel decision.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 1997, Appellant was injured in a car accident while working. Appellee Continental Casualty Company provided workers' compensation insurance for appellant's employer. Appellant received medical treatment and made a claim with the Texas Workers' Compensation Commission (TWCC). After a contested hearing, the TWCC hearing officer determined appellant had reached maximum medical improvement (MMI) on September 18, 1999, with a nine percent impairment rating (IR). In a November 29, 1999 opinion, the TWCC Appeals Panel ("Panel") affirmed the decision of the hearing officer. After exhausting her administrative remedies, appellant sought review of the Panel's decision by the trial court. The trial court affirmed the Panel's decision. Appellant then filed this appeal and submitted a partial record consisting of the clerk's record and a limited reporter's record.

Appellant asserts eight issues. In issues one and two, appellant appears to state that the affidavit of Dr. Clay Henderson and her complete TWCC file should be admitted into evidence. Her third issue claims the Panel reached an erroneous decision and, in nine subparts, discusses the shortcomings she perceives in the diagnostic process and TWCC procedures that led to the Panel's decision. Issue four states appellant's desired MMI date and IR. In issues five and six, appellant alleges Dr. Sklar's report to the TWCC contained errors and misstatements. Issue seven alleges that evidence of a later diagnosis by Continental Casualty's doctor supports part of her claim. Appellant's eighth issue asserts that the TWCC uses improper American Medical Association guidelines. A short outline of these points under the title "Issues Presented" constitutes appellant's brief. She does not include for our consideration any discussion, argument, or legal authorities. None of these stated issues provide us with sufficient information to evaluate whether the trial court erred. Accordingly, we affirm the judgment of the trial court.

## LEGAL AUTHORITIES

Initially, we must note that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.

*Clemens v. Allen,* 47 S.W.3d 26, 28 (Tex. App.-Amarillo 2000, no pet.) (citing *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978)). On appeal, as at trial, the pro se appellant must properly present its case. *Id.; Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex.App.-Amarillo 2003, pet. denied); *Karen Corp. v. Burlington Northern,* 107 S.W.3d 118, 125 (Tex.App.-Fort Worth 2003, pet. denied).

■■■ The rules of appellate procedure require appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(h). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Birnbaum v. Law Offices of G. David Westfall,* 120 S.W.3d 470, 477 (Tex. App.-Dallas 2003, pet. filed); *Plummer,* 93 S.W.3d at 931. Similarly, we cannot speculate as to the substance of the specific issues appellant claims we must address. *See Plummer,* 93 S.W.3d at 931. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Karen Corp.,* 107 S.W.3d at 125; *Harkins v. Dever Nursing Home,* 999 S.W.2d 571, 573 (Tex. App.-Houston [14th Dist.] 1999, no pet.).

## DISCUSSION

■■■ We are faced with a difficult task in addressing the appeal of this pro se appellant. It is obvious from the limited record before us that the trial court went to great lengths to afford appellant the opportunity to try her case. The trial court even appointed an attorney ad litem to assist her. However, we have little latitude on appeal. We cannot remedy deficiencies in a litigant's brief, nor can we supply an adequate record.

The appellant's brief provides us with nothing more than a list of eight "Issues Presented." Appellant provides no discussion or argument as to any point and she cites neither legal authorities, nor the record. Further, the reporter's record supplied to us appears to be limited to the transcript of an offer of proof respecting three exhibits. As far as we can ascertain, the trial court excluded two of these exhibits as a result of a ruling on a motion in limine or a ruling at trial. It appears from the reporter's record that the two excluded exhibits may reflect at least some of the proceedings at the TWCC. However, these two exhibits do not appear in the record provided to us. Because these exhibits are absent from the record, we are unable to review her complaints. *S.W. Country Enters., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 494 (Tex.App.-Fort Worth 1999, pet. denied).

## CONCLUSION

Appellant's brief provides no argument, no authorities, and makes no citation to the record. We cannot redraft and articulate for appellant what we think appellant meant to raise on appeal. Further, the incomplete record offered to us would inhibit evaluation of appellant's issues even had they been adequately briefed. Adequate briefing and a complete record which is relevant to the issues are minimally required for us to review the proceedings below. Nothing is preserved for our review on any issue. Accordingly, we resolve appellant's issues against her. The trial court's judgment is affirmed.