In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-068 CV


____________________



EDITH R. DEMAYO, Appellant



V.



JOHN WILLIAM DEMAYO, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 04-07-06028 CV






 MEMORANDUM OPINION 


 Proceeding pro se, Edith Demayo appeals the final divorce decree that dissolved her
marriage to John William Demayo. We affirm.

Briefing Requirements
 

 Texas law holds pro se litigants to the same standards as those for licensed attorneys
and requires pro se litigants to comply with all applicable laws and rules of procedure. 
Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 677 (Tex. App.- Dallas 2004, pet. denied). On
appeal, as at trial, the pro se appellant must properly present her case. Id. at 678. The rules
of appellate procedure require an appellant's brief to contain "a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." Tex.
R. App. P. 38.1(h). "An appellate court has no duty to perform an independent review of the
record and applicable law to determine whether the error complained of occurred." Strange,
126 S.W.3d at 678.

 While Edith presents numerous issues for our review, her briefing of them fails to
contain "clear and concise" arguments supporting her contentions, with "appropriate citations
to authorities and to the record" as required by Rule 38.1(h) of the Texas Rules of Appellate
Procedure. However, in the interest of justice and despite the briefing inadequacies, we will
consider issues two and four. Edith's other issues are overruled.

Issues


 In issue two, Edith complains that the final three pages of the divorce decree are
forged documents. She alleges that the use of her signature was "fraudulent" and that her
signature on the divorce decree "was added without [her] knowledge or permission." Edith's
argument is confusing because her signature line in the decree is blank. The last page of the
decree has the date of the judgment, the signature of the presiding judge, and John's
signature. But, it does not have Edith's signature. Beneath the judge's signature is the
phrase, "Approved and Consented To As To Form And Substance." Beneath this phrase is
a blank space reserved for Edith's signature, as indicated by the presence of her typed name
appearing beneath the blank space. Underneath Edith's typed name is John's signature with
his name typed beneath his signature. As Edith's signature does not appear in the signature
blank on the decree, her signature was not used fraudulently or without her knowledge or
permission.

 Edith also maintains that the final three pages of the decree are "forged documents"
that were obtained from a document she filed in December of 2004. The specific pages that
Edith alleges were forged and used in the decree are the "certificate of service page and
signature page signed by the respondent and filed with [her December 2004] document." 
The December 2004 document to which Edith refers is her proposed final decree ("Edith's
proposed decree"). While Edith's proposed decree has no "certificate of service" page for
us to review, we compared the signature page of Edith's proposed decree with the last three
pages of the final decree and find no evidence supporting Edith's forgery argument. Out of
an abundance of caution, we also compared the signature page of Edith's proposed decree
with the last three pages of the mediation agreement, which was attached to the final decree
as an exhibit. We find no evidence in this second comparison that supports Edith's
arguments. Issue two is overruled.

 In issue four, Edith maintains that the final decree is not consistent with the mediation
agreement she made with John. We note that Edith did not provide the trial court with a
proposed decree that adequately reflected the mediation, though the mediation agreement
required her to do so. (1) However, the trial judge ultimately adopted the mediation agreement
and announced that she would draft the decree herself. 

 Edith complains that she is supposed to have "sole managing conservator rights" and
that all parent-child relationship rights are to be hers exclusively. Edith asserts, "There were
no agreements made that Respondent, John William DeMayo[,] would have any rights other
than supervised visitation as agreed by the parties concerning [the] minor child of the suit."

 To review Edith's complaint, we first review the terms of the divorce decree that the
trial court entered. The decree appoints Edith as "Sole Managing Conservator" and grants
her many exclusive rights, thereby allowing her to have a much greater impact on the rearing
of the child than John will have. For example, the decree provides for Edith to have the
exclusive rights to: (1) receive payments for the support of the child; (2) designate the
primary residence of the child; (3) consent to medical, dental, and surgical treatment
involving invasive procedures; (4) make decisions concerning the child's education; and (5)
consent to the child's marriage. 

 But, while the mediation agreement provides for Edith to be "Sole Managing
Conservator," it also provides for John to be "Possessory Conservator." The agreement
limits John's possessory conservator's rights as follows: "Visitation will only occur at those
times and locations as agreed by the parties. All visitation times exercised by dad will be
supervised." The trial court included this visitation restriction in the original decree. (2) As the
mediation agreement provides for no further limitations on John's rights as possessory
conservator, the trial court properly allowed John to have the rights granted by statute to
possessory conservators. See Tex. Fam. Code Ann. §§ 153.073-153.074 (Vernon Supp.
2005), § 153.192 (Vernon 2002). Issue four is overruled.

 Accordingly, we overrule all of Edith's issues and arguments and affirm the trial
court's decree.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice



Submitted on February 14, 2006

Opinion Delivered June 1, 2006

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. For example, Edith's proposed decree states that: (1) it is an application for
temporary orders; (2) the "standard morality clause" shall apply "during the period these
temporary orders exist"; and (3) the trial court temporarily enjoins John and others from
certain activities. None of these provisions were in the mediation agreement. Further,
Edith's proposal contains other provisions not addressed in the mediation agreement, such
as paragraphs that would: allow Edith to receive her child's correspondence; prohibit a
particular person from being near the child; and require John to publish a notice of his
responsibility for certain debts. 

 
2. In addition, Edith concedes that the visiting trial judge assigned to hear her case has
entered orders clarifying the supervised visitation limitation, including requirements that
John take classes in anger management, parenting, and family counseling before the court
will consider any change in visitation.