COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-05-442-CV

 

 

BEN MORRISON D/B/A                                                         APPELLANT

MORRISON
INSURANCE AGENCY

                                                   V.

 

LISA ALLEN                                                                          APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is an appeal from a suit
for damages arising from fraud, conversion, and violations of the Texas
Deceptive Trade Practices Act.  Appellant
Ben Morrison appeals the jury=s verdict in favor of Appellee Lisa Allen.  In four issues, Appellant contends that the
final argument of Appellee=s trial counsel was so racial in nature as to inflame the mind of the
jury and prevent the rendition of a fair and impartial verdict in this case and
that there is no evidence to support a finding that he committed fraud,
converted money belonging to Appellee, or engaged in false, misleading, or
deceptive acts or practices against Appellee. 
We affirm.

STATEMENT OF FACTS

Appellee attempted to obtain
homeowner=s insurance
through Appellant=s insurance
agency, and she remitted payment to Appellant for a down payment on the
insurance.  Appellee obtained a home
equity loan, and the lender was to pay the remaining portion due on the
homeowner=s
policy.  In relation to Appellee=s account, Appellant received an invoice on July 12, 1999, which was
to have been paid by August 15, 1999. 
Appellant acknowledged that he cashed or deposited the checks that he
received on Appellee=s behalf,
but Appellant never paid the premium, or any portion of it, to Ramsgate
Managing Insurance, the managing insurer. 
Appellant never returned any of the money that he obtained from Appellee
or on her behalf for the insurance on her home. 
In fact, Appellant testified that the money was still in his escrow
account as of the time of trial.








Surety Premium, as the
premium finance company, was authorized to request cancellation of the policy
in the event that payment was not received. Having not received the appropriate
premiums, Surety Premium transmitted a notice of cancellation to Ramsgate,
requesting that Appellee=s policy be
cancelled due to non-payment of the premiums.

Appellee=s home was burglarized, and subsequently, a pipe in her upstairs
bathroom burst.  Neither Appellant nor
Appellee submitted a claim for these losses. 
According to Appellee, Appellant informed her that he would Atake care of@ these claims,
but he never did.  Appellant testified
that he gave Appellee claim forms to fill out, but she never returned the
completed forms to him.  According to
Appellant, he told Appellee that if she filled out the appropriate form, he
would mail it for her.

DISCUSSION

Appellee asserts that
Appellant has failed to preserve his points on appeal because he failed to cite
to any legal authority and he failed to provide a substantive, rather than
conclusory, analysis.  








The rules of appellate procedure
require Appellant=s brief to
contain Aa clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h). 
An issue on appeal unsupported by argument or citation to any legal
authority presents nothing for the court to review, nor can we speculate as to
the substance of the specific issues Appellant requests that we address.  Strange v. Cont=l Cas. Co., 126 S.W.3d 676, 678 (Tex.
App.CDallas 2004, pet. denied), cert. denied, 543 U.S. 1076
(2005).  An appellate court has no duty
to perform an independent review of the record and applicable law to determine
whether the error complained of occurred. 
Id.  The argument section
of Appellant=s brief
contains nothing more than a narrative argument about why he believes this case
should be reversed and remanded; however, aside from a general citation to the
insurance code, Appellant provides no basis in law for reversal.  Accordingly, we overrule Appellant=s four points.

CONCLUSION

Having overruled each of
Appellant=s four
points, we affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL F:    HOLMAN, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DELIVERED: 
August 17, 2006

 











[1]See Tex. R.
App. P. 47.4.