BEN MORRISON D/B/A MORRISON INSURANCE AGENCY v. LISA ALLEN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-442-CV

BEN MORRISON D/B/A APPELLANT

MORRISON INSURANCE AGENCY

V.

LISA ALLEN APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a suit for damages arising from fraud, conversion, and violations of the Texas Deceptive Trade Practices Act.  Appellant Ben Morrison appeals the jury’s verdict in favor of Appellee Lisa Allen.  In four issues, Appellant contends that the final argument of Appellee’s trial counsel was so racial in nature as to inflame the mind of the jury and prevent the rendition of a fair and impartial verdict in this case and that there is no evidence to support a finding that he committed fraud, converted money belonging to Appellee, or engaged in false, misleading, or deceptive acts or practices against Appellee.  We affirm.

STATEMENT OF FACTS

Appellee attempted to obtain homeowner’s insurance through Appellant’s insurance agency, and she remitted payment to Appellant for a down payment on the insurance.  Appellee obtained a home equity loan, and the lender was to pay the remaining portion due on the homeowner’s policy.  In relation to Appellee’s account, Appellant received an invoice on July 12, 1999, which was to have been paid by August 15, 1999.  Appellant acknowledged that he cashed or deposited the checks that he received on Appellee’s behalf, but Appellant never paid the premium, or any portion of it, to Ramsgate Managing Insurance, the managing insurer.  Appellant never returned any of the money that he obtained from Appellee or on her behalf for the insurance on her home.  In fact, Appellant testified that the money was still in his escrow account as of the time of trial.

Surety Premium, as the premium finance company, was authorized to request cancellation of the policy in the event that payment was not received. Having not received the appropriate premiums, Surety Premium transmitted a notice of cancellation to Ramsgate, requesting that Appellee’s policy be cancelled due to non-payment of the premiums.

Appellee’s home was burglarized, and subsequently, a pipe in her upstairs bathroom burst.  Neither Appellant nor Appellee submitted a claim for these losses.  According to Appellee, Appellant informed her that he would “take care of” these claims, but he never did.  Appellant testified that he gave Appellee claim forms to fill out, but she never returned the completed forms to him.  According to Appellant, he told Appellee that if she filled out the appropriate form, he would mail it for her.

DISCUSSION

Appellee asserts that Appellant has failed to preserve his points on appeal because he failed to cite to any legal authority and he failed to provide a substantive, rather than conclusory, analysis.  

The rules of appellate procedure require Appellant’s brief to contain “a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.”  
Tex. R. App. P.
 38.1(h).  An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review, nor can we speculate as to the substance of the specific issues Appellant requests that we address.  
Strange v. Cont’l Cas. Co.
, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), 
cert. denied
, 543 U.S. 1076 (2005).  An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred.  
Id.
  The argument section of Appellant’s brief contains nothing more than a narrative argument about why he believes this case should be reversed and remanded; however, aside from a general citation to the insurance code, Appellant provides no basis in law for reversal.  Accordingly, we overrule Appellant’s four points.

CONCLUSION

Having overruled each of Appellant’s four points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  August 17, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.