NO. 07-07-0090-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 2, 2007

_____

IN RE TERRY GOOLSBY,

Relator

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is a motion for a writ of prohibition filed by Terry Goolsby. The latter seeks an order "directing [Judge Kelly G. Moore] to abstain from causing further monies to be removed from his Trust Fund Account. . . ." Allegedly, Judge Moore entered an order purportedly garnishing Goolsby's inmate trust fund account to repay Terry County for court costs incurred in Goolsby's prosecutions. Also pending before us is his request to proceed as a pauper. We deny both.

Texas Rule of Appellate Procedure 52.3(j)(1) requires one seeking a writ of prohibition to append to the petition an appendix containing, among other things, "a certified copy or sworn copy of . . . any . . . document showing the matter complained of." That particular document, at bar, would be the court's supposed order which Goolsby attacks. Yet, neither it nor any other document required to be included in the appendix was given to us. Nor did Goolsby comply with the bulk of the other provisions in Rule 52.3.

That he proceeds on his own behalf without counsel does not relieve him from following the rules. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.–Dallas 2004, pet. denied). Consequently, we deny his petition for a writ of prohibition.

Regarding his request to proceed as an indigent, we note that the filing fee he must pay was actually $75. Furthermore, in support of his request, Goolsby tendered a statement disclosing that he had sufficient funds in his inmate account to pay that amount. Omitted from his statement, however, was information illustrating that the funds were in any way encumbered or needed to satisfy any particular living expenses while imprisoned. Accordingly, we also deny his request to proceed as an indigent.

Per Curiam