NO. 07-07-0090-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 2, 2007


______________________________



IN RE TERRY GOOLSBY,



 Relator

______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Pending before the court is a motion for a writ of prohibition filed by Terry Goolsby. 
The latter seeks an order "directing [Judge Kelly G. Moore] to abstain from causing further
monies to be removed from his Trust Fund Account. . . ." Allegedly, Judge Moore entered
an order purportedly garnishing Goolsby's inmate trust fund account to repay Terry County
for court costs incurred in Goolsby's prosecutions. Also pending before us is his request
to proceed as a pauper. We deny both.

 Texas Rule of Appellate Procedure 52.3(j)(1) requires one seeking a writ of
prohibition to append to the petition an appendix containing, among other things, "a
certified copy or sworn copy of . . . any . . . document showing the matter complained of." 
That particular document, at bar, would be the court's supposed order which Goolsby
attacks. Yet, neither it nor any other document required to be included in the appendix was
given to us. Nor did Goolsby comply with the bulk of the other provisions in Rule 52.3. 
That he proceeds on his own behalf without counsel does not relieve him from following
the rules. Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 677 (Tex. App.-Dallas 2004, pet.
denied). Consequently, we deny his petition for a writ of prohibition.

 Regarding his request to proceed as an indigent, we note that the filing fee he must
pay was actually $75. Furthermore, in support of his request, Goolsby tendered a
statement disclosing that he had sufficient funds in his inmate account to pay that amount. 
Omitted from his statement, however, was information illustrating that the funds were in
any way encumbered or needed to satisfy any particular living expenses while imprisoned. 
Accordingly, we also deny his request to proceed as an indigent. 

 

 Per Curiam




 Indeed, according to statute, the clerk of the district
court has custody of and maintains the records relating to or deposited with the clerk. Tex.
Gov't Code Ann. §51.303(a) (Vernon 1998). Such records would undoubtedly include
those instruments pertaining to the initiation and filed during the prosecution of a criminal
proceeding. This is so because it is from that governmental entity which we obtain the
indictment, docket sheet, jury charge, judgment, and like items when assuring the
development of an appellate record. See Tex. R. App. P. 34.5(a) & 35.3(a). Similarly, the
official court reporter, not the trial judge, is burdened with the duty to transcribe court
proceedings and furnish transcripts of those proceedings to others. Tex. Gov't Code Ann.
§52.046(a)(5). And, it is with the court reporter that one applies for a copy of the particular
transcript. Id. §52.047(a). Given these circumstances, we cannot say Ledbetter proved
that the target of his writ had a legal duty to provide him the records sought.

 Accordingly, the petition for writ of mandamus is denied.

 

 Brian Quinn 

 Justice 










 
1. A pro se litigant is required to comply with the rules of appellate procedure. Holt v. F. F.
Enterprises, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).