# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-07-00218-CV**
**NO. 03-07-00219-CV**

**In re Koo-Hyun Kim**

**NO. 03-07-00243-CV**

**In re John Koo Hyun Kim**

## ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

On April 16, 2007, and April 20, Relator filed three documents that were titled, "Notice of Appeal," but that named as "appellees" the trial court judges and the opposing attorneys. Out of an abundance of caution, this Court docketed relator's causes as both petitions for writ of mandamus, based on his reference to the trial courts as the opposing parties (docketed as the cause numbers listed above), and appeals, due to his titling the documents as notices of appeal (docketed as cause numbers 03-07-00223-CV, 03-07-00224-CV, and 03-07-00267-CV). On April 30, we sent relator a letter asking him to clarify for this Court whether he was pursuing appeals or original proceedings and to file amended notices of appeal or petitions for writ of mandamus that comply with the Texas Rules of Appellate Procedure. Although relator has not filed amended notices of

appeal that conform with Texas Rule of Appellate Procedure 25.1[1] as requested, he has informed this Court that he intended to file notices of appeal, not petitions for extraordinary relief. Therefore, we dismiss these three cause numbers that were assigned as original proceedings. Relator's appeals in cause numbers 03-07-00223-CV, 03-07-00224-CV, and 03-07-00267-CV will proceed under the Texas Rules of Appellate Procedure.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Filed: May 18, 2007

---

[1] Relator, representing himself pro se, is hampered by a lack of legal training and familiarity with the Texas Rules of Appellate Procedure. This does not, however, relieve relator of the obligation to comply with the rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules."); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied) (pro se litigants held to same standards as attorneys and must comply with applicable laws and procedural rules).