# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00488-CV

**Maynard Tucker, Appellant**

**v.**

**The Austin American Statesman, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-05-003233, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Maynard Tucker appeals an order dismissing his claim against the Statesman for employment discrimination. However, absent certain exceptions not relevant here, a trial court's order is not appealable until a final judgment has been rendered that disposes of all claims and parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). While Tucker filed a notice of appeal for the trial court's order regarding his discrimination claim against the Statesman, that order did not dispose of all claims and parties and was not final and appealable until the final judgment was rendered on August 17, 2006. Tucker has already pursued an appeal of the final judgment, which this Court resolved in *Tucker v. Austin American-Statesman*, No. 03-06-00437-CV, 2007 Tex. App. LEXIS 3316 (Tex. App.—Austin Apr. 26, 2007, pet. denied) (mem. op.).

Once the judgment became final, Tucker was entitled to one appeal of all issues in the underlying litigation. Only one final judgment may be rendered in any cause except where

otherwise specially provided by law. Tex. R. Civ. P. 301. "It therefore follows that unless otherwise provided by law, the 'one final judgment rule' limits the number of appeals to one per case." *Eddins v. Borders*, No. 12-02-00322-CV, Tex. App. LEXIS 8263 (Tex. App.—Tyler Nov. 22, 2002, no pet.) (mem. op.). Tucker's appeal of the final judgment in this case has already been resolved. In Tucker's appeal of the final judgment, he failed to brief his employment discrimination claim against the Statesman. An appellant's brief must "state concisely all issues or points presented for review." Tex. R. App. P. 38.1(e). Where an issue on appeal is inadequately briefed, or as in the present case, not addressed in appellant's brief at all, "we cannot speculate as to the substance of the specific issues appellant claims we must address." *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas, pet. denied). Having failed to include any mention of his discrimination claim against the Statesman in his brief to this Court on appeal of the final judgment, Tucker may not now have a second opportunity to present additional issues by appealing an order issued prior to the final judgment. As a result, this appeal is dismissed for want of jurisdiction. Accordingly, Tucker's motion for extension of time to file an appellant's brief is denied as moot.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Dismissed for Want of Jurisdiction

Filed:   September 26, 2007

2