**AFFIRM; and Opinion Filed June 12, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

---

**No. 05-12-00291-CV**

---

**STEVIE C. JORDAN, Appellant**

**V.**

**DALLAS HOUSING AUTHORITY, Appellee**

---

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-00722-D**

---

# MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

This is a forcible detainer suit. Stevie C. Jordan appeals the trial court's judgment awarding possession of his leased premises and unpaid rent to the Dallas Housing Authority. We conclude the issues before us are clearly settled in law. Accordingly, we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4. The factual nature of this case, as well as its procedural history, pleadings, and evidence are known to the parties. Therefore, we do not recount these matters. We affirm the trial court's judgment.

Jordan brings this appeal pro se. We note at the outset that a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). The rules of appellate procedure require appellant's brief to "state concisely all issues or points presented for review" and to "contain a succinct, clear, and accurate statement of the

arguments made." TEX. R. APP. P. 38.1(f), (i). Jordan's brief does neither. Accordingly, it is impossible to determine the nature of his complaint on appeal.[1]

The majority of Jordan's brief appears to focus on the same facts he raised at trial, including rent payments and money placed in the registry of the court below. But this Court is not a factfinder. The trial court summarized the evidence for Jordan at the end of trial:

> But you were already delinquent with your rent for December of 2011. And they'd already terminated your lease, and they had given you the notice to vacate. So they've shown lease violation. You failed to pay your December rent. It shows they've given you termination of the lease, that they gave you a three-day notice to vacate, and you haven't moved out. So that's all they need to show in order to have a superior— right of immediate possession over you of the property.

The trial court then announced judgment for the housing authority. Jordan has not identified any legal reason why that judgment was incorrect.

We affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE

120291F.P05

---

[1] The only legal claim referenced in Jordan's brief is one against the United States government for making a false claim. *See* 31 USCA §§3729–30. Jordan professes to be owed a 30% share of a $7.3 billion recovery pursuant to this claim. Jordan's trial below was limited to his eviction and liability for unpaid rent. Thus, his reference to a false claim proceeding has no meaning in the parameters of this lawsuit.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVIE C. JORDAN, Appellant

No. 05-12-00291-CV          V.

DALLAS HOUSING AUTHORITY,
Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-12-00722-D.
Opinion delivered by Justice Lewis.
Justices Moseley and O'Neill participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

       It is **ORDERED** that appellee DALLAS HOUSING AUTHORITY recover its costs of this appeal from appellant STEVIE C. JORDAN.

Judgment entered this 12th day of June, 2013.

/David Lewis/
DAVID LEWIS
JUSTICE