**AFFIRM; and Opinion Filed September 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01332-CV

## JACK CRAIG EFFEL, Appellant
## V.
## ROBERT G. ROSBERG, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-02662-E**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Pro se appellant Jack Effel appeals the trial court's order denying his special appearance.

For the following reasons, we affirm.

### BACKGROUND

In cause number CC-13-01701-D, the trial court entered a final judgment against Jack's

aunt Lena Effel and in favor of appellee Robert G. Rosberg, awarding Rosberg $51,729 as

damages, prejudgment interest, and court costs. In this case, Rosberg alleges Jack and his brother

Henry Effel caused Lena to be moved from Texas to Nevada to be with Jack and transferred Lena's

assets to Jack. Henry previously told Rosberg that Henry and Jack stood to inherit $7,000,000

from Lena, but no probate proceedings were opened in either Texas or Nevada following her death

on or about September 14, 2014. Rosberg asserts claims for fraudulent transfer, alleging Jack and

Henry caused Lena or her estate to transfer substantially all of her assets, leaving the estate insolvent and defrauding Rosberg, a judgment creditor.[1]  Rosberg also asserts a civil conspiracy claim against Jack and Henry for conspiring with each other and with Lena and her estate to commit fraudulent transfer.

Jack filed a special appearance, moving for dismissal on the ground that the trial court lacked personal jurisdiction over him because Rosberg failed to plead requisite jurisdictional facts. In an affidavit attached to his special appearance, Jack averred:

> 1. I currently reside in the State of Nevada with my wife and children. . . .
>
> ***
>
> 4.  I personally do not conduct any business in the State of Texas, nor am I required by my employer to perform any work in the State of Texas.
>
> 5.  I have not committed a tort in whole or in part in the State of Texas and deny having engaged in any tortious, fraudulent, or conspiratorial behavior or actions in Texas or elsewhere.
>
> ***
>
> 7.  I claim no interest in my brother Henry's house, located in Texas.  It is his house and home.  I have not lived there for over 20 years, when our parents were still living at the time.  The House is located at 3333 High Lark Drive, Dallas, TX 75234[.]  Henry maintains the property, pays all his own bills, taxes and upkeep and claims the property as his Texas homestead.  He cuts the grass and takes out the trash and lives there with his wife.
>
> 8.  I contend that the exercise of personal jurisdiction over my person in this case, would not comport with due process as I do not maintain the requisite minimum contacts with the State of Texas to the extent called for under the law for jurisdiction to be sustained in this matter.
>
> 9. I further contend that traditional notions of fair play and substantial justice would be offended by the exercise of either general or specific jurisdiction in this matter, as the undue burden that such exercise would create would outweigh the other interests to be considered by the Court.

---

[1] *See* TEX. BUS. & COM. CODE ANN. §§ 24.005, 24.006 (West 2015).

Thereafter, Rosberg amended his petition, adding as jurisdictional facts that (1) Jack owns a fifty-percent interest in a single family residence at 3333 High Lark Drive in Dallas, Texas and claims all the benefits of a homestead exemption on the property under Texas law, and (2) the alleged conspiracy between Jack and Henry to transfer Lena's assets out of state and into their own pockets constitutes both a contract with a Texas resident that was performed in part by Jack in Texas and a tort that occurred in part in Texas.

Jack appeared telephonically at a hearing on his special appearance. He did not introduce any additional evidence, but argued he had no business dealings in Texas, he had given his interest in the High Lark property to Henry many years ago and did not pay taxes or have any involvement in decision-making related to the property, and the High Lark property was not related to the subject matter of this case. At the hearing, Rosberg argued there was general jurisdiction, based on Jack's owning and claiming a homestead exemption on the High Lark property, and specific jurisdiction based on the conspiracy claim arising from a contract between Jack and Henry to fraudulently transfer funds belonging to a judgment creditor and the transfer of Lena's assets and her person from Texas to Las Vegas, a tort committed in part in Texas. Rosberg introduced, and the trial court admitted, into evidence (1) a printout from the Dallas Central Appraisal District website showing Jack as fifty-percent owner of the High Lark property and having received the benefit of a homestead exemption on the property, and (2) Jack's mother's last will and testament bequeathing her estate to Jack and Henry and an order admitting the will to probate as a muniment of title.[2]

---

[2] Rosberg also offered into evidence deemed admissions because Jack had refused to answer requests for admission, but neither the reporter's record nor clerk's record contain a copy of the requests for admission.

The trial court subsequently entered an order denying Jack's special appearance. Jack filed a request for findings of fact and conclusions of law, but the trial court did not issue findings and conclusions.

APPLICABLE LAW

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). If, as in this case, the trial court does not issue findings of fact and conclusions of law, we imply all relevant facts that are necessary to support its ruling and supported by evidence. *Old Republic*, 549 S.W.3d at 558.

Texas courts may exercise personal jurisdiction over a nonresident if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *Id*. (quoting *Moncrief Oil*, 414 S.W.3d at 149). The long-arm statute authorizes the exercise of personal jurisdiction over a nonresident defendant who "does business" in Texas. *See PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). Relevant to this case, a nonresident defendant "does business" in Texas if he "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state" or "commits a tort in whole or in part in this state." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1), (2) (West 2015). The exercise of personal jurisdiction "comports with federal due process if the nonresident defendant has 'minimum contacts' with Texas and the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co*., 512 S.W.3d 878, 885 (Tex. 2017) (citing *Walden v. Fiore*, 571 U.S. 277 283 (2014)).

To establish minimum contacts with Texas, a plaintiff must show the nonresident defendant purposefully availed himself of the privilege of conducting activities within the state and, thus, invoked the benefits and protections of Texas law. *Montcrief Oil*, 414 S.W.3d at 150. Texas courts consider three factors to determine purposeful availment: (i) the defendant's own actions, and not the unilateral activity of another party; (ii) whether the defendant's actions were purposeful rather than random, attenuated, or fortuitous; and (iii) whether the defendant sought some benefit, advantage, or profit by availing himself of the jurisdiction. *Id*. at 151; *Jani-King Franchising Inc. v. Falco Franchising, S.A.*, No. 05-15-00335-CV, 2016 WL 2609314, at *3 (Tex. App.—Dallas May 5, 2016, no pet.) (mem. op.). The inquiry in a minimum contacts analysis focuses on the "quality and nature of the defendant's contacts, rather than their number." *AM Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). The defendant's activities must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court. *Id*. Generally, we analyze a defendant's contacts on a claim by claim basis to determine whether each claim relates to the defendant's minimum contacts, but we need not do so when—as in this case—each claim arises from the same forum contacts. *Moncrief*, 414 S.W.3d at 150-51.

Minimum contacts with a forum may give rise to either general or specific jurisdiction. *See id*. at 150. General jurisdiction arises when a defendant's contacts with the forum state are continuous and systematic. *Id*. For specific jurisdiction, the focus is on "the relationship between the forum, the defendant, and the litigation." *Old Republic*, 549 S.W.3d at 559. Specific jurisdiction exists when a plaintiff's claims arise from or relate to the defendant's contacts with the forum state. *TV Azteca, S.A.B. De C.V. v. Ruiz*, 490 S.W.3d 29, 37 (Tex. 2016). A claim arises from or relates to the forum contacts if there is a "substantial connection between [the] contacts and the operative facts of the litigation." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007).

To evaluate whether exercising jurisdiction offends traditional notions of fair play and substantial justice, we consider: (1) the burden on the defendant, (2) the interests of the forum in adjudicating the dispute, (3) the plaintiff's interest in getting convenient and effective relief, (4) the international judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of the several nations in furthering fundamental substantive social policies. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 878-79 (Tex. 2010). The defendant must present a compelling case that the presence of some consideration would render jurisdiction unreasonable. *Id*. at 879. Only rarely will the exercise of personal jurisdiction "not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991).

The plaintiff and the defendant bear shifting burdens of proof in a personal jurisdiction challenge. *Old Republic*, 549 S.W.3d at 559. The plaintiff bears the initial burden to plead sufficient allegations to invoke jurisdiction under the Texas long-arm statute. *Moki Mac*, 221 S.W.3d at 574. If the plaintiff pleads sufficient jurisdictional allegations, a defendant who contests the trial court's exercise of personal jurisdiction bears the burden of negating all bases of jurisdiction alleged by the plaintiff. *Id.* A defendant may negate jurisdiction on either a factual or legal basis. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010). Factually, the defendant may present evidence effectively disproving the plaintiff's allegations. *Id.* Legally, the defendant may negate jurisdiction by showing that, even if the plaintiff's alleged facts are true, "the evidence is legally insufficient to establish jurisdiction; the defendant's contacts with Texas fall short of purposeful availment; for specific jurisdiction, the plaintiff's claims do not arise from the contacts; or traditional notions of fair play and substantial justice are offended by the exercise of jurisdiction." *Id.* If the defendant negates all grounds for personal jurisdiction alleged by the

plaintiff, the burden shifts back to the plaintiff to show that the trial court has personal jurisdiction over the defendant as a matter of law. *Voltaix, LLC v. Ajongwen*, 406 S.W.3d 235, 240 (Tex. App.—Dallas 2013, no pet.).

ANALYSIS

In denying Jack's special appearance, the trial court impliedly found the Texas long-arm statute permits the exercise of jurisdiction over Jack, Jack had minimum contacts with Texas, and the exercise of jurisdiction over Jack comports with procedural notions of fair play and justice. In his first and second issues, however, Jack asserts the trial court erred in denying his special appearance because his contacts with Texas are too attenuated to cause him to be subject to personal jurisdiction and Rosberg's pleading of a tort cause of action is insufficient to establish personal jurisdiction.

Rosberg's amended petition alleges, among other things, that (1) Henry and Jack caused Lena to be moved from Texas to Nevada to be with Jack, (2) Henry and Jack caused Lena's assets to be transferred to Nevada into Jack's care, custody or control, and (3) the "alleged conspiracy between Jack and Henry to transfer [Lena's] assets out of state and into their own pockets constitutes a contract with a Texas resident that was performed in part by [Jack] in Texas. It also constitutes a tort that occurred in part in Texas." The long-am statute provides for jurisdiction over a nonresident defendant who (1) contracts with a Texas resident and either party performs the contract in whole or in part in Texas or (2) commits a tort in whole or in part in Texas. *See* CIV. PRAC. & REM. § 17.042(1), (2). Rosberg's allegations that Jack acted at least in part in Texas to fraudulently transfer, and in furtherance of a conspiracy to fraudulently transfer, Lena's assets satisfies the long-arm statute's requirements. Thus, Rosberg has satisfied his initial burden of proof to plead allegations to bring Jack within the reach of the Texas long-arm statute. *See Kelly*, 301 S.W.2d at 659; CIV. PRAC. & REM. § 17.042(1), (2).

–7–

The burden of proof then shifted to Jack to negate all bases of personal jurisdiction alleged by Rosberg. *See Kelly*, 301 S.W.3d at 658-59. Jack denied certain types of contacts with Texas in his affidavit, but presented no evidence to dispute the specific allegation that he undertook acts in Texas related to transferring Lena's assets out of Texas and into his care, custody or control.[3] Thus, Jack's special appearance did not negate jurisdiction on a factual basis. *See, e.g., Alencar v. Shaw*, 323 S.W.3d 548, 555-56 (Tex. App.—Dallas 2010, no pet.).

To negate specific jurisdiction on a legal basis, Jack was required to show that, even if the amended petition's facts are true, (1) the evidence is legally insufficient to establish jurisdiction, (2) his contacts with Texas fall short of purposeful availment, (3) Rosberg's claims do not arise from Jack's contacts, or (4) traditional notions of fair play and substantial justice are offended by the exercise of jurisdiction. *See Kelly*, 301 S.W.3d at 659; *Alencar*, 323 S.W.3d at 551.

Jack generally contends in his affidavit and brief that he does "not maintain the requisite minimum contacts with the State of Texas." However, the jurisdictional facts alleged, assuming they are true, establish Jack had minimum contacts with Texas giving rise to specific jurisdiction. Rosberg alleged Jack (and not just Henry) performed acts in Texas related to removing Lena's assets from her and her estate and intended to benefit Jack and Henry by placing those assets in their "pockets." Accordingly, we conclude Rosberg's amended petition, if true, alleges Jack purposefully availed himself of the privilege of conducting activities in Texas. Rosberg's allegations also make clear that his claims relate to Jack's contacts with Texas. There is a substantial connection between the forum, Jack's contacts to it, and the operative facts of the

---

[3] During the 2017 hearing on his special appearance, Jack stated "I don't visit Texas. I don't stay in Texas. I haven't actually been to Texas in several years." The record, however, contains no evidence to show that Jack was not in Texas during 2014 at times relevant to this case. Jack generally averred that he has "not committed a tort in whole or in part in the State of Texas and den[ies] having engaged in any tortious, fraudulent, or conspiratorial behavior or actions in Texas or elsewhere." Such a statement, however, is conclusory and speculative and legally constitutes no evidence. *See Brownlee v. Brownlee*, 665 S.W.3d 111, 112 (Tex. 1984) (affidavit must set forth facts, not legal conclusions); *Hale v. Richey*, No. 10-11-00187-CV, 2012 WL 89920, *9 (Tex. App.—Waco Jan. 11, 2012, no pet.) (defendant's statement in affidavit that she never committed a tort in Texas was conclusory and, thus, no evidence to negate plaintiff's jurisdictional facts).

litigation; indeed, the alleged contacts form the factual basis for Rosberg's claims. *See, e.g., TV Azteca*, 490 S.W.3d at 53-55.

Jack also generally contends in both his affidavit and brief that the "assertion of jurisdiction over [him] offends traditional notions of fair play and substantial justice" and "the undue burden that such exercise would create would outweigh the other interest to be consider by the Court." His brief lists the factors for evaluating the reasonableness of the exercise of jurisdiction, but he has not attempted to explain why any of the factors inure to his benefit or otherwise demonstrate how asserting jurisdiction over him offends traditional notions of fair play and substantial justice. Thus, Jack has not made a compelling showing that the exercise of personal jurisdiction over him would offend fair play and substantial justice. *See Hoagland v. Butcher*, 396 S.W.3d 182, 196 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). To the contrary, a Texas court clearly has an interest in serving as the forum to resolve a dispute in which a Texas judgment creditor alleges a fraudulent transfer of assets from Texas that might be subject to execution in order to satisfy the Texas judgment.

The record does not demonstrate that Jack met his burden to negate specific personal jurisdiction, either factually or legally, and instead supports the trial court's implied findings that Jack had minimum contacts with Texas and the exercise of jurisdiction over him does not offend traditional notions of fair play and substantial justice. Accordingly, we conclude the trial court did not err in denying Jack's special appearance. Because we have concluded the trial court had specific jurisdiction over Jack, we need not address whether it also had general jurisdiction. We overrule Jack's first and second issues.

Jack also raises an alternative "tertiary issue" suggesting dismissal of this case and remanding it to a probate court may be appropriate "due to the nature of the debt." In doing so, he cites only to a Suggestion of Death and Judgment Creditor's Application for Writ of Scire Facias

filed by Rosberg in cause number CC-13-01701-D and not a part of the clerk's record in this case. A pro se appellant is held to the same standards as licensed attorneys and must properly present his case on appeal and comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet denied). The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An issue on appeal unsupported by argument or citation to legal authority or the record presents nothing for us to review. *Strange*, 126 S.W.3d at 678. With respect to whether jurisdiction may be appropriate in a probate court, Jack's brief does not contain citations to legal authority or the record in support of the argument, which is little more than a statement of the issue. Because it is unsupported by argument or appropriate citation to legal authority and the record, we overrule Jack's tertiary issue. *See* TEX. R. APP. P. 38.1(i); *Strange*, 126 S.W.3d at 678.

We affirm the trial court's order denying Jack's special appearance and remand the case to the trial court for further proceedings consistent with this opinion.



/Ada Brown/
ADA BROWN
JUSTICE


171332F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JACK CRAIG EFFEL, Appellant

No. 05-17-01332-CV      V.

ROBERT G. ROSBERG, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-17-02662-E.
Opinion delivered by Justice Brown;
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ROBERT G. ROSBERG recover his costs of this appeal from appellant JACK CRAIG EFFEL.

Judgment entered this 17th day of September, 2018.