

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00300-CV

**MICHAEL MOUNT,**

**Appellant**

**v.**

**ESCONDIDO VILLAGE, LLC,**

**Appellee**

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court No. CC-C20210508

## MEMORANDUM OPINION

Michael Mount appeals from the trial court's judgment ordering him to vacate a manufactured home lot. We affirm.

On August 17, 2021, Escondido Village filed a Petition for Forcible Detainer in Justice Court in Johnson County. Escondido Village alleged that Mount was a tenant in its manufactured home community and that Mount had breached the lease agreement by failing to pay rent. Escondido Village sought possession of the property, Lot 202-H located at 202 Hereford in Burleson, Texas. On August 31, 2021, the Justice Court signed

its judgment ordering Mount to move his mobile home from lot 202-H located at 202 Hereford in Burleson. Mount appealed the Justice Court judgment to the County Court at Law 1 in Johnson County.

After a hearing, the trial court entered its judgment that Mount and all occupants vacate lot 202-H, located at 202 Hereford in Burleson, Texas and that all funds placed in the registry of the Court by Mount be immediately released to Escondido Village. The trial court further ordered that all writs necessary to enforce its judgment be issued in accordance with the laws of the State of Texas and that writ of possession should issue on December 6, 2021. Mount appealed from that judgment.

On December 6, 2021, Mount filed an Emergency Motion to Stay the Writ of Possession in this Court. On that same day, this Court denied the emergency motion noting that Section 24.007 of the Texas Property Code provides that a judgment of a county court may not be stayed under any circumstances pending appeal unless the appellant files a supersedeas bond in an amount set by the county court within ten days from the signing of the judgment. Because no supersedeas bond was filed, this Court denied the motion.

On February 7, 2022, Mount filed a pro se Appellant's Brief in this Court. On February 25, 2022, Scott Cain filed a notice of appearance as retained counsel for Mount. Cain then filed a motion for extension of time to file an amended brief on Mount's behalf. In that motion, Cain states that he had obtained an order setting supersedeas bond on February 28, 2022, thereby staying the judgment and writ of possession. This Court

granted the extension; however, Cain never filed an amended brief on Mount's behalf. Therefore, we proceed on Mount's Appellant's Brief.

Mount filed a one-page brief in this Court in which he argues that Escondido Village disregarded the rules of the moratorium and that Escondido Village misrepresented the grounds for eviction. A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Continental Casualty Co.* 126 S.W.3d 676, 678 (Tex. App. —Dallas 2004, pet. den'd).

Texas Rule of Appellate Procedure 38.1(i) provides that a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1.(i). An issue on appeal unsupported by argument or citation to any legal authority is waived. *In the Interest of T.B.*, 641 S.W.3d 535, 539 (Tex. App. — Waco 2022, pet. den'd); *Strange v. Continental Casualty Co.* 126 S.W.3d at 678. We cannot speculate as to the substance of the specific issues appellant claims we must address. *Strange v. Continental Casualty Co.* 126 S.W.3d at 678. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Id*.

Mount does not provide any references to the record, and he does not cite to any legal authority. Therefore, he has not presented any issue for this Court to review.

We note that the record before us includes information on the State of Texas Eviction Diversion Program; therefore, that information was before the trial court. Mount has not provided any evidence to show that he qualified for the program or that he

complied with the requirements of the program. We cannot say that Escondido Village disregarded the rules of the moratorium. Additionally, there is nothing in the record before us to support Mount's allegations that Escondido Village misrepresented the grounds for eviction.

Escondido Village did not file a brief in this proceeding. However, Escondido Village filed a letter in response to an inquiry from this Court requesting that this Court affirm the trial court's November 8, 2021 Judgment; authorize the issuance and execution of all writs necessary to enforce such judgment; and grant a judgment for all funds placed in the registry of the court including the supersedeas bond in the amount of $9,208.00. Mount's retained attorney filed a response to Escondido Village's letter to this Court stating that there was no factual basis to support Escondido Village's request to gain a windfall for the bond set to suspend the writ of possession during the appeal. In this proceeding, the only matter before us is the trial court's November 8, 2021 judgment. There is nothing in the record before us concerning the supersedeas bond.

We affirm the trial court's judgment signed on November 8, 2021.


STEVE SMITH
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed August 17, 2022
[CV06]

