**Affirmed and Opinion Filed August 30, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-23-00594-CV

**BENITA NELSON, Appellant**
**V.**
**BRENDA J. WILLIAMS AND BRENDA J. WILLIAMS & ASSOCIATES,**
**Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-02816**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Pedersen, III

Appellant Benita Nelson challenges the trial court's June 8, 2023 Final Judgment decreeing that she take nothing on her claim for legal malpractice against appellees Brenda J. Williams and Brenda J. Williams & Associates (together, Williams). We conclude that Nelson failed to preserve error below and that the face of the record supports the jury's verdict in this case. Accordingly, we affirm the trial court's Final Judgment.

## Background

Williams represented Nelson in a premises liability claim against Methodist Dallas Medical Center in 2019. Nelson had slipped in water on the hospital floor and injured herself. But despite conducting discovery in the case, Williams was unable to identify any evidence that Methodist either created the dangerous condition on its premises or knew or should have known the condition existed. Instead, the evidence indicated that Methodist learned of the condition only after Nelson fell. Based on the lack of evidence of this necessary element of Nelson's claim, Methodist filed a no-evidence summary judgment motion and prevailed in the premises liability case.

Nelson then sued Williams asserting legal malpractice. Williams appeared pro se at trial below. The testimony from both sides was brief and can be summarized here.

Nelson called Williams to testify. Williams confirmed that she had represented Nelson in the lawsuit against Methodist and that she had produced documents requested in discovery to Methodist's counsel. In response to Nelson's question, Williams stated, "Yes, based on the facts of your case [my] conduct was totally appropriate." Nelson testified on her own behalf, describing in detail how her injury happened and how she was treated for injury at Methodist. She completed her narrative as follows:

> And then by that time I was in a lot of different hospitals, and then that's when I—eventually learned that I lost my right eye permanently, and I've been having problems out of my right kidney.

–2–

So it's just been an ongoing situation ever since. And then they just been giving me the run-around ever since.

So that's why I filed in court and having a trial today.

On cross examination, Williams asked a single question: whether Nelson had gotten any information as to when Methodist knew the water was on the floor? Nelson responded that it was: "When they came out—When I was on the floor." Nelson called no other witnesses.

Williams testified on her own behalf as well. She described conducting discovery in the premises liability case and receiving only a single document from Methodist related to Nelson's slip and fall. The hospital's Incident Report indicated that "Ms. Nelson fell on some water in the floor, the janitor was called to clean it up, cones were put out and they were—admitted her into the hospital overnight to be sure she was okay." Williams explained that she found no evidence that Methodist knew about the water on the floor before Nelson's fall, and Methodist had prevailed on a no-evidence summary judgment motion on that basis.

The jury was asked a single question: "Do you find, from a preponderance of the evidence, that Brenda J. Williams complied with her fiduciary duty to Benita Nelson?" The jury answered "yes."

The trial court signed its Final Judgment concluding that Nelson should take nothing on her claim against Williams. This appeal followed.

**Discussion**

At the threshold, we acknowledge that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). This is true at trial and on appeal. "We cannot remedy deficiencies in a litigant's brief, nor can we supply an adequate record." *Id.* at 678. Nelson identifies twelve issues in this Court.[1] Most of the twelve statements fail to describe legal arguments; none of the twelve are arguments preserved in the record before us whether by pleading or testimony. "When a party fails to preserve error in the trial court or waives an argument on appeal, an appellate court may not consider the unpreserved or waived issue." *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012).

Likewise, Nelson has not preserved any complaint to the sufficiency of the evidence supporting the jury's verdict against her. In the interests of judicial

---

[1] Nelson lists the following issues:

1. The trial judge denied the appellant her right to discovery under Texas rule of civil procedure rule 190, level two. The request for the police report from the slip and fall 2017.

2. The trial judge Eric Moye violated the standard of judicial findings effect by the denial of the police report in violation of Texas open records act and Federal open record act. Which attaches to due process of law and deny of a fair proceeding under both Texas Constitution and the United States Constitution.

3. By the conduct of Judge Eric Moye violated clear erroneous rule by the denial of a fair constitutional trial.

4. Judge Eric Moye violated his oath as a judge and committed criminal acts by stealing the original pleading which changed the outcome of trial.

efficiency and clarity, we stress the single fact that Nelson did not offer expert testimony to support her claim at trial. To prove a legal malpractice claim, the client must establish that: (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client. *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017). Unless the attorney's negligence is obvious, the client must present expert testimony to establish the breach and causation elements of her legal malpractice claim. *Pierre v. Steinbach*, 378 S.W.3d 529, 533 (Tex. App.—Dallas 2012, no pet.). Our review of the record

5. Trial judge Eric Moye violated the (1796) Supreme Court judicial act of (1789) by the violation of the fact finding of the 14th Judicial Court on June 6th 2023 by violating and violation of discovery of Miss Benita Nelson and her equality under the Civil Rights Act of 1964.

6. Judge Eric Moye violated maritime law and federal law by allowing fraud in the court under Federal procedure 60 (B).

7. By the Honorable Eric Moye taking of the original pleading with the fox stamp was theft and affected jurisdiction of the trial court.

8. On June 6th 2023 and was unconstitutional by the actions of a trial judge. *See Pedro* 15 US 132 (1877).

9. By the actions of trial judge Eric Moye the judgment is erroneous as a matter of law, as it violated due process which triggers the Texas Constitution article 1:29.

10. By The Honorable Eric Moye's failure to correct the false law of false and fraudulent law by attorney Brenda J. Williams was fraud and fraud on the court and was misleading statements to the jury which was clearly and manifestly wrong and Judge Moye concurred on the fraudulent, by omission, as a fact which violated due process of law.

11. Judge Eric Moye, violated the appellant's rights to a fair trial and thus violated due process under Texas Constitution 1:10, article 1:19, and article 1:29. Thus the trial held on June 6–23 is void as a matter of law.

12. As the writ of error standard should be applied by the Court of Appeals on this state violation of due process, denial of a fair trial, denied of discovery, denial material evidence, which is protected by the Constitution of the United States.

(Lightly edited).

establishes that Nelson offered no expert testimony, and for that reason alone, her malpractice claim failed.[2]

## Conclusion

Nelson has preserved no error for us to review, and the face of the record supports the jury's verdict. We affirm the trial court's Final Judgment.

230594f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[2] Williams moved for a directed verdict on this ground at the close of Nelson's evidence. The trial judge said he would consider and carry the motion. Given the jury's verdict, no further ruling was requested or made.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BENITA NELSON, Appellant

No. 05-23-00594-CV          V.

BRENDA J. WILLIAMS AND
BRENDA J. WILLIAMS &
ASSOCIATES, Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-02816.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Brenda J. Williams and Brenda J. Williams & Associates recover their costs of this appeal from appellant Benita Nelson.

Judgment entered this 30th day of August, 2024.

–7–