**DENIED and Opinion Filed August 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01015-CV

### IN RE FRANKIE HOGG-BEY, Relator

**Original Proceeding from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-0255075-NI**

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Evans
Opinion by Justice Evans

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his request to issue a subpoena duces tecum to Presbyterian Hospital. The facts and issues are well-known to the parties, so we do not recount them here. Relator's petition does not comply with the rules of appellate procedure and, accordingly, fails to establish his right to relief. TEX. R. APP. P. 52.3(j), (k); *In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (denying petition for writ of mandamus because petition and record not authenticated as required by the Texas Rules of Appellate Procedure). On appeal, as at trial, the pro se appellant must properly present his case. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex. App.–Dallas 2004, pet. denied). Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to inmates at to other litigants. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, no writ). There cannot be two sets of procedural rules, one for litigants with counsel and the other for

litigants representing themselves. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978).

Moreover, the allegations in relator's petition do not establish an abuse of the trial court's discretion.  A trial court has a reasonable time within which to consider a motion and to rule.  *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).  A reviewing appellate court may not arbitrarily interfere with the trial court's power to control its docket, but may only order the trial court to rule if the circumstances show that the trial court's failure to act is an abuse of its discretion.  *See In re First Mercury Ins. Co.,* No. 13-13-00469-CV, 2013 WL 6056665, at *6 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding).  Relator's allegations do not meet that standard.

For these reasons, we **DENY** the petition.

/David Evans/
DAVID EVANS
JUSTICE

141015F.P05