**Affirmed; Opinion Filed October 29, 2020**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00980-CV**

**IN THE INTEREST OF M.D.M.-C., A CHILD**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-21123**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Carlyle

Father appeals pro se from the trial court's August 15, 2019 "Order Modifying the Parent–Child Relationship," which appoints Mother as the primary joint managing conservator of their daughter, M.D.M.-C., and designates Father as a joint managing conservator. We conclude Father has not presented and briefed his complaints in accordance with the rules of appellate procedure. Thus, we affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Bolling v. Farmers Branch Indep. Sch. Dist*., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.);

*Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Our appellate rules have specific briefing provisions that require an appellant to provide an understandable, succinct, and clear argument to support his contentions and cite and apply relevant law together with appropriate record references. *See* TEX. R. APP. P. 38.1; *Bolling*, 315 S.W.3d at 895; *Strange*, 126 S.W.3d at 678.

Father filed his original appellate brief on November 18, 2019. On November 27, 2019, we informed Father by letter that his original brief was deficient in certain ways. The deficiencies included, among other things, the absence of (1) a complete list of parties, (2) a concise statement of the case supported by record references, (3) a concise statement of the facts supported by record references, (4) appropriate citations to the record, (5) proper certificates of compliance and service, and (6) relevant appendix documents. *See* TEX. R. APP. P. 38.1(a), (d), (g), (i), (k). We instructed Father to file an amended brief that complied with the rules of appellate procedure within ten days. In addition to the notice of specific deficiencies, our notice advised Father that his failure to file a compliant amended brief, "may result in dismissal of this appeal without further notice from the Court." *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c). Father did not file an amended brief. We ordered the appeal submitted on Father's November 18, 2019 brief.

The "Table of Contents" in Father's seven-page brief lists, with purported page numbers, multiple items not in the brief, including "Identity of Parties,"

"Citation to Records," and "Appendix." Also, several of the "Authorities" Father lists are not mentioned in the brief. The "Certificate of Service" states only that the brief was electronically filed with this Court.

Father's "Sole Issue"[1] seems to assert the trial court abused its discretion by appointing Mother, rather than him, as M.D.M.-C.'s primary joint managing conservator. He contends, without record citation, that the trial court "overlooked" certain "details," including evidence at trial that "mom and grandmother [have] denied him visitation" and he "has brought" M.D.M.-C. a long "way from where she came from and was there to help her out." But the brief's argument section does not explain—and we are unable to discern—how the evidence in the record warrants a different result or how Father's cited authorities support his position.

Father has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. *See* TEX. R. APP. P. 38.1(i); *Bolling*, 315 S.W.3d at 895; *Strange*, 126 S.W.3d at 678. We have no right or obligation to search through the record to find facts or research relevant law that might support an

---

[1] Father's "Sole Issue" states:

1. Whether the court review of the child support order from 2010, pro se State of Texas v. Cecil Clayton. As it was altered by Whiteout.
2. Whether the court review the protective order filed by Amanda Turner in the year of 2017. Granted by 301st Associate Judge Andrew Ten Eyck.
3. Wheather the court review the case closed trail granting Father custody dismissed Judge Mary

In the argument section of his brief, Father asserts (1) the trial court "abused its discretion in ordering [Mother] final primary possession of the child" and (2) "[t]he question at hand is that why wasnt the case evaluation review in the proper way that it should have been."

appellant's position, because doing so would "improperly transform this Court from neutral adjudicators to advocates." *Chappell v. Allen*, 414 S.W.3d 316, 321 (Tex. App.—El Paso 2013, no pet.) (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). Because Father has not adequately briefed his appellate complaints in accordance with the rules of appellate procedure, he presents no issue for our review.

We affirm the trial court's order.

<u>/Cory L. Carlyle/</u>
CORY L. CARLYLE
JUSTICE


190980F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN THE INTEREST OF M.D.M.-C.,
A CHILD

No. 05-19-00980-CV

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-09-21123.
Opinion delivered by Justice Carlyle.
Justices Molberg and Browning
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of October, 2020.