# NO. 12-22-00119-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WAYMOND NOBLES AND TONJA HAWTHORNE,*<br>*APPELLANTS* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BILL HILL OIL & GAS PRODUCTION, ET AL,*<br>*APPELLEES* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Waymond Nobles and Tonja Hawthorne, appearing pro se, appeal the trial court's denial of their bill of review. We affirm.

### BACKGROUND

Appellants filed suit in Shelby County District Court against several parties, including Bill Hill Oil & Gas Production, Resa Hill Wilkins, Rhetta Hill Collier, Rhonda Hill Hamilton, and Ron Hill (Appellees).[1] Appellants asserted causes of action for trespass to try title, temporary injunction, slander, and conspiracy to commit fraud. The lawsuit centers around property purportedly owned by Appellants' deceased father and an oil and gas lease. During the course of the proceedings, Appellants filed an application for determination of heirship. The trial court denied the motion, finding in part that it lacked jurisdiction over the application. Appellants filed an equitable bill of review of the order denying the application for heirship. The bill of review was set for a hearing by submission and was denied. This appeal followed.

---

[1] There are twenty-one other defendants who are not parties to this appeal.

1

Appellees assert that we lack jurisdiction because there is not a final judgment.

Generally, this Court has jurisdiction only over (1) final judgments and (2) interlocutory orders from which an appeal is expressly authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012 (West 2015), 51.014(a) (West Supp. 2021); ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. R. APP. P. 301 (providing that only one final judgment may be rendered in a cause). Appellate jurisdiction generally exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case. *See* ***Jack B. Anglin Co., Inc. v. Tipps***, 842 S.W.2d 266, 268 (Tex. 1992). It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal when it is not expressly authorized by statute. *See* ***New York Underwriters Ins. Co. v. Sanchez***, 799 S.W.2d 677, 678–79 (Tex. 1990).

According to their amended notice of appeal, Appellants seek to appeal the denial of their bill of review regarding the trial court's denial of their application for declaration of heirship. According to the Texas Estates Code, a judgment in a proceeding to declare heirship is final and appealable. TEX. EST. CODE ANN. § 202.202(a) (West 2020). As such, we have jurisdiction to hear this appeal.

**WAIVER**

In their briefs,[2] Appellants list their issues as:

> 1. Did the lower court prejudice the Appellants by referring to the Appellants as "you people" as well as refuse to follow the ruling from the appeals court which states that all heirs are included in fraudulent lawsuit settlements?
>
> 2. Did the lower court prejudice the Appellants by refusing to allow the Appellants to present evidence in support of the Appellant's claims and preclude the Appellant from obtaining a fair trial?

The argument section of their briefs does not comport with the issues listed. Appellants' "argument" consists of facts that do not address the enumerated issues.

Rule 38.1 of the Texas Rules of Appellate Procedure mandates that an appellant's brief must 1) state concisely all issues or points presented for review and 2) contain a clear and

---

[2] Nobles and Hawthorne filed separate, identical briefs.

concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(e), (h). The failure to brief, or to adequately brief, an issue by an appellant effects a waiver of that issue on appeal. ***General Servs. Comm'n v. Little-Tex Insulation Co., Inc.***, 39 S.W.3d 591, 598 n.1 (Tex. 2001). Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.); *see* ***Strange v. Cont'l Cas. Co.,*** 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). We have liberally construed Appellants' briefs in order to give effect to their arguments. *See* TEX. R. APP. P. 38.9. But it is not our duty to review the record, research the law, and fashion a legal argument for an appellant when he has failed to do so. ***Zhang v. Capital Plastic & Bags, Inc.***, 587 S.W.3d 82, 90 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Appellants' briefs do not contain a clear and concise argument and do not contain any record citations. The only citations to authority are to the summary judgment standard, which is not applicable to this appeal. Accordingly, we hold they have waived any alleged error on appeal.

However, even if Appellants properly presented their arguments regarding the order denying their application for determination of heirship and the corresponding denial of the bill of review, the trial court did not err. Applications for a proceeding to declare heirship must be filed in a court specified by Section 33.004 of the Texas Estates Code. TEX. EST. CODE ANN. § 202.005 (West 2020). Section 33.004 states that the proper venue for such a proceeding is "the court of the county" and does not list district courts. *Id*. § 33.004(a) (West 2020); *see* 28 Tex. Jur. 3d *Decedent's Estates* § 103 (2022) ("Exclusive original jurisdiction to determine heirship is conferred on the county court sitting in probate; state district courts have no such original jurisdiction"). As such, the trial court was correct in finding that it lacked jurisdiction over the order when it denied Appellants' application.

Based on the foregoing, we overrule Appellants' first and second issues.

## DISPOSITION

Having overruled Appellants' two issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-22-00119-CV**

**WAYMOND NOBLES AND TONJA HAWTHORNE,**
Appellants
V.
**BILL HILL OIL & GAS PRODUCTION, ET AL,**
Appellees

---

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 19CV34997)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellants, **WAYMOND NOBLES AND TONJA HAWTHORNE,** and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*