**AFFIRMED and Opinion Filed July 25, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01292-CV

## IN THE INTEREST OF H.A.F., F.A.F., AND M.T.A.F., CHILDREN,

**On Appeal from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-51752-2020**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Garcia

This case involves a final decree of divorce dividing marital property, and awarding conservatorship, access and possession, and child support. Husband appears before us pro se. In a 1799 page brief and appendix, Husband states twelve issues and several miscellaneous complaints. Husband generally argues the trial court's rulings pertaining to child support, possession, changed circumstances, the distribution of assets and debts, and a post-marital agreement are erroneous. Husband further complains about alleged bias and prejudice, arbitrary rulings, violation of his civil rights, and the integrity of the trial judge, amicus and opposing counsel, witnesses, and Wife.

By Order dated October 5, 2023, we struck Husband's brief for failure to comply with Texas Rules of Appellate Procedure 9 and 38, and ordered Husband to file an amended brief conforming with the rules. We cautioned Husband that failure to do so would result in dismissal of this appeal. Husband filed an amended brief, but the amended brief still does not comply with the applicable rules.

A civil litigant has the right to represent himself at trial and on appeal. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). But the right of self-representation on appeal carries with it the duty to adhere to the rules of appellate procedure. *See id*. Pro se appellants are held to the same standard as licensed attorneys. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *see also In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) ("We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.").

Our rules of appellate procedure have specific requirements for the contents of all briefs accepted by the courts. *See* TEX. R. APP. P. 38: *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (discussing specific requirements for briefing). These briefing requirements are mandatory. *M & E Endeavors LLC v. Air Voice Wireless LLC,* Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston

[1st Dist.] Aug. 27, 2020, no pet.) (mem. op.). Only after receiving adequate briefing may we go on to review the merits of the appeal. *See Bolling*, 315 S.W.3d at 895.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

Here, Husband does not provide the Court with appropriate argument, analysis, discussion, or citations to the record relevant to his stated issues and miscellaneous complaints on appeal. The brief is replete with conclusory statements and accusations. Conclusory statements unsupported by legal or record citations, however, do not satisfy the briefing requirements, and "failure to provide substantive analysis will result in a waiver of complaints." *Canton-Carter v. Baylor Coll. Of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Husband provides numerous citations to legal authority throughout the brief, but he fails to explain the purported application of that authority to this case. Husband

argues the trial court erroneously refused to admit certain evidence, but offers no explanation as to why the evidence was admissible.[1] Likewise, Husband argues the court's custody determination concerning the special needs child was not in the best interest of the child based on the "no change of circumstances law", but fails to explain that law or how it applies. Husband also argues the court failed to consider significant assets given to Wife post separation, but provides no record evidence to support this contention or otherwise support his argument. His argument concerning and references to community and oversees debts and income are similarly deficient. Indeed, all of Husband's stated issues and miscellaneous complaints fail to present a cogent legal argument supported by applicable authorities and citation to the record.

We may not perform an independent review of the record and applicable law to craft Husband's allegations into a coherent legal argument. *Eco Planet, LLC v. ANT Trading,* No. 05-19-00239-CV, 2020 WL 6707561, at *6 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op) (appellate courts are not responsible for identifying possible error or searching the record for facts favorable to a party's position); *Strange*, 126 S.W.3d at 678 (appellate court cannot remedy deficiencies in appellant's brief for him). Moreover, we cannot speculate as to the substance of the specific issues appellant seeks to have us address. *Id*. To do so, would force this

---

[1] Husband's brief also refers to evidence that is not part of the record and fails to identify, with the appropriate record citations, where record evidence was offered, objected to, or admitted.

court to stray from our role as a neutral adjudicator and become an advocate for Husband. *Jones v. Am. Real Estate Inv.*, No. 05-19-00546-CV, 2020 WL 5834301, at *1 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. stricken). Even though we generally disfavor resolving an appeal for inadequate briefing, we hold that Husband has waived the issues and miscellaneous complaints for his failure to comply with the applicable briefing rules. *See* TEX. R. APP. P. 38.

The trial court's judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

221292F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN THE INTEREST OF H.A.F., F.A.F., AND MT.A.F., CHILDREN, No. 05-22-01292-CV

On Appeal from the 468th Judicial District Court, Collin County, Texas Trial Court Cause No. 468-51752-2020.
Opinion delivered by Justice Garcia. Justices Reichek and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee recover her costs of this appeal from appellant IN THE INTEREST OF H.A.F., F.A.F., AND MT.A.F., CHILDREN.

Judgment entered this 25th day of July 2024.