

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00326-CV

Zulema **GARZA**,
Appellant

v.

Zulema J. **GARZA**, Jose Juan Garza, Jose Juan Garza, II, Andres Garza, Alejandro Garza, and
Gabriel Garza,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2020-CVK-002209-D1
Honorable Joe Lopez, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2024

AFFIRMED; MOTION TO DISMISS DENIED

Appellant Zulema Garza ("Garza") appeals the trial court's final judgment granting a

permanent injunction in favor of her father, Jose Juan Garza; her mother, Zulema J. Garza; and her

four brothers, Jose Juan Garza, II, Andres Garza, Alejandro Garza, and Gabriel Garza (collectively,

"the Appellees").[1] We affirm.

---

[1] The Appellees filed a motion to dismiss this appeal because Garza's reply brief does not comply with the Texas Rules of Appellate Procedure. We deny the motion to dismiss.

**BACKGROUND**

The Appellees brought various causes of action; however, the only remedy they sought was a permanent injunction enjoining Garza from communicating and interacting with the Appellees and their business clients in a harassing or threatening manner. The trial court conducted a two-day bench trial via Zoom. Garza removed herself from the Zoom proceeding during the first day of trial without being excused by the trial court. Garza did not present evidence or cross-examine witnesses before she removed herself from the proceedings.

Garza filed a letter with the trial court informing the court she would not appear on the second day of trial. The note expressly said she "will not be subjected to an unending parade of humiliation and endless hurt brought upon ruthlessly and without justification by [her] own family[,]" and that she was not requesting a continuance because she "want[s] this to be ended now!" Garza did not appear for the second day of trial.

After hearing the Appellees' evidence, the trial court rendered judgment in the Appellees' favor and granted the request for a permanent injunction. The permanent injunction enjoined Garza from:

- communicating with the Appellees using "vulgar, profane, obscene, or indecent language[;]"
- threatening the Appellees;
- calling the Appellees "anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication[;]"
- communicating with the Appellees "in a threatening, annoying, tormenting, embarrassing, alarming, or harassing manner[;]"
- "[i]ntentionally, knowing[ly], or recklessly causing bodily injury to" the Appellees;
- acting in a way that places the Appellees "in fear of imminent harm, bodily injury, assault or physical[] contact[;]"
- interfering with the Appellees' property rights and the use and peaceful enjoyment of their residence;

- going within 200 yards of the Appellees, their primary residence, and their place of business;
- disturbing Appellees' peace;
- interfering with the Appellees' "ordinary business activities, business operations, and routine[;]"
- contacting associates of the Appellees business including "professional consultants, contacts, clients, employees, accountants, or business partners, either directly or indirectly, for illegitimate purposes, including but not limited to harassment, annoyance[,] and embarrassment."

Garza appeals.

### INADEQUATE BRIEFING

Garza, who represents herself on appeal, argues: (1) the trial court erred when it excluded critical evidence; (2) the trial court deprived her of a fair trial; and (3) there is factually insufficient evidence to support the judgment. The Appellees argue Garza has waived appellate review of her issues by failing to brief them in accordance with the Texas Rules of Appellate Procedure. We agree Garza has waived her appellate complaints because they are inadequately briefed.

It is well settled that an appellant's brief must contain clear and concise arguments with appropriate citations to authorities and the record. *Neira v. Scully*, No. 04-14-00687-CV, 2015 WL 4478009, at *1 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.); *see also RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018) ("A brief must provide citations or argument and analysis for the contentions [made] and failure to do this can result in waiver."); *Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-CV, 2020 WL 6707561, at *5 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.) (Osborne, J., concurring) ("[Rule 38.1 of the Texas Rules of Appellate Procedure] require[s] appellants to state their complaint concisely; to provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law; and to cite and apply law that is applicable to their complaint along with record references that are appropriate."). "[I]t is the appellant's burden to discuss [her] assertions of error, and we have no

duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Neira*, 2015 WL 4478009, at \*1 (internal quotation marks omitted). "An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made." *The Tex. Brandon Corp., Inc. v. EOG Res., Inc.* No. 04-19-00403-CV, 2020 WL 7232135, at \*1 (Tex. App.—San Antonio Dec. 9, 2020, pet. denied) (mem. op.). "Conclusory statements unsupported by legal or record citations do not satisfy this requirement, and failure to provide substantive analysis will result in a waiver of complaints." *Id.* (citing *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

"[A] pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). "On appeal, as at trial, the pro se appellant must properly present [her] case." *Id.* at 678. "[W]e cannot speculate as to the substance of the specific issues appellant claims we must address." *Id.* "An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review." *Id.*

Here, Garza does not cite legal authority supporting her issues on appeal.[2] For example, Garza cites to section 9.011 of the Texas Civil Practice and Remedies Code; however, she does not point us to any part of the record where she raised a complaint that pleadings were filed in bad faith, for harassment, or to cause unnecessary delay or increased costs of litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.011 (providing a signed pleading constitutes a certification that the pleading is not groundless and brought in bad faith, for purposes of harassment, or to cause

---

[2] Her brief cites two provisions from the Texas Civil Practice and Remedies Code, one Texas Rule of Civil Procedure, a handful of Texas cases, and two federal cases. However, none of the authorities pertain to the issues presented in Garza's brief.

unnecessary delay or needless increased costs in litigation). Garza cites section 18.001 of the Texas Civil Practice and Remedies Code, but the Appellees did not request reimbursement for expenses, and the trial court's judgment did not award the Appellees damages, costs, or attorney's fees. *See id.* § 18.001 (governing how a party may prove expenses by affidavit). Garza also states she has "the right to get [her] mother's deposition" and generally cites Rule 202.1 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 202.1. Even if we were to overlook the fact that Rule 202.1 pertains only to pre-suit depositions, Garza does not point us to the record where she noticed a deposition or explain how the trial court erred. Moreover, none of these provisions cited by Garza pertain to the issues she attempts to raise on appeal.

Garza next states in her brief that "[i]f an injunction is obtained or continued in effect by the wrongful act of the applicant, it may give rise to a cause of action in tort for wrongful injunction . . . [or] malicious prosecution." She then cites four Texas cases that address wrongful injunction and malicious prosecution actions. However, Garza did not assert wrongful injunction or malicious prosecution claims in the trial court. She simply states on appeal she "may" have a cause of action for wrongful injunction or malicious prosecution. Because there were no claims for wrongful injunction or malicious prosecution in the underlying proceedings, Garza's cited authority is not relevant to this appeal.

Citing *In re Derzapf*, 219 S.W.3d 327 (Tex. 2007) (orig. proceeding), Garza contends in her brief that access to her father was wrongfully denied because her family is acting "in bad faith and out of vengeance." While Garza complains the injunction here precludes access to her father, the authority cited pertains to access to minor children. *See generally In re Derzapf*, 219 S.W.3d 327, 328 (Tex. 2007) (orig. proceeding). We also note that Garza's father joined in the lawsuit to obtain the injunction and testified at trial in favor of the injunction.

Finally, Garza cites federal authority to present the federal standard to obtain a temporary injunction. She generally argues the Appellees did not "substantiate" irreparable harm because "they merely lied under oath before a judge at a court without providing any actual proof." Garza continues: "The [trial court] just took the opposing party at their word without investigating further. The judge did not ask the opposing party to prove what they were saying." Garza fails to recognize that the testimony presented by the Appellees is evidence. It was Garza's duty as the opponent of the evidence to cross-examine the witnesses to test the veracity of their statements. It is the trial court's duty to assess the credibility of the witnesses and weigh the evidence, and the trial court had no obligation to, in Garza's words: "investigat[e] further." *See Rodriguez v. Rangel*, 679 S.W.3d 890, 911 (Tex. App.—San Antonio 2023, pet. denied); *see also In re G.M.K.*, No. 13-22-00016-CV, 2023 WL 5122524, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2023, no pet.) (mem. op.) (stating a trial judge should be neutral and "should not act as an advocate for another party" (quoting *Sklar v. Sklar*, 598 S.W.3d 810, 825 (Tex. App.—Houston [14th Dist.] 2020, no pet.))). Further, Garza does not explain how the testimony and other documentary evidence admitted at trial was insufficient to support the trial court's judgment.

Furthermore, we note that while Garza complains the trial court excluded critical evidence, she cannot point to any evidence excluded by the trial court because she did not offer any evidence at trial. Garza also complains she did not receive a fair trial when the trial continued without her. However, Garza appeared on the first day of trial and left the proceedings. The trial court attempted to contact Garza after she left the Zoom proceeding, but she did not respond. The trial court recessed the trial and sent a notice for Garza to appear on the second day of trial. Rather than appearing, Garza left a note with the trial court clerk stating she would not attend and was not asking for a continuance. Garza intentionally removed herself from the trial and cannot now complain on appeal that the trial court's decision to proceed deprived her of a fair trial. Finally,

Garza fails to explain how the testimony and documentary evidence is insufficient to support the trial court's judgment.

Garza's brief fails to provide clear and concise legal argument with appropriate citations to authorities on the issues she attempts to present on appeal. *See Canton-Carter*, 271 S.W.3d at 931; TEX. R. APP. P. 38.1(h), (i). Instead, Garza's brief consists of disjointed factual assertions, rhetorical questions,[3] conclusory and pejorative statements, and disparaging remarks addressed directly to the Appellees and opposing counsel that do not amount to clear and concise arguments. *See The Tex. Brandon Corp., Inc. v. EOG Res., Inc.*, No. 04-21-00535-CV, 2023 WL 3611593, at *4 (Tex. App.—San Antonio May 24, 2023, pet. denied) (mem. op.).

"We may not perform an independent review of the record and applicable law to craft these allegations into a coherent legal argument." *The Tex. Brandon Corp., Inc.*, 2020 WL 7232135, at *2; *see also Canton-Carter*, 271 S.W.3d at 931–32. To do so would cause us to abandon our roles as judges and become advocates for the appellant. *The Tex. Brandon Corp., Inc.*, 2020 WL 7232135, at *2. Because Garza has not supported her appellate issues with citations to legal authority or substantive legal argument, she has presented nothing for us to review. *Strange*, 126 S.W.3d at 678. Even though we generally disfavor resolving an appeal on inadequate briefing, we hold Garza has waived her issues on appeal by failing to provide substantive legal arguments that might make her complaints viable. *See The Tex. Brandon Corp., Inc.*, 2023 WL 3611593, at *4.

Accordingly, Garza's appellate complaints are overruled.

---

[3] For example, Garza asks: "So can someone submerged 24/7 in the world of law tell me, where was my right to a fair trial."

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice