**AFFIRM; Opinion Filed September 9, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00373-CV

## IN THE MATTER OF THE EUGENE A. MCCLINTOCK LIVING TRUST DATED JANUARY 29, 2010

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-06694**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

Kenneth Lee McClintock, a pro se litigant, appeals the trial court's final judgment in a lawsuit McClintock initiated as a beneficiary of the Eugene A. McClintock Living Trust Dated January 29, 2010 (the "Trust") against the Trust's trustee Kelly A. Cleaver. That final judgment incorporated the trial court's grant of a take-nothing judgment on McClintock's claims and award of damages, attorney's fees, court costs, and postjudgment interest on Cleaver's counterclaims against McClintock.

McClintock failed to comply with the briefing requirements of appellate rules after receiving notice of the deficiency and an opportunity to cure. TEX. R. APP. P.

44.3. Thus, he waived his complaint. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

**BACKGROUND**

On June 27, 2022, McClintock filed a petition seeking an order or judgment compelling Cleaver to render an accounting of the Trust, requiring clawback of Cleaver's compensation as trustee, including findings Cleaver breached her fiduciary duties of disclosure and discretion, and awarding actual and exemplary damages for the alleged breaches. Cleaver answered, generally denying McClintock's claims and asserting affirmative defenses of res judicata, collateral estoppel, settlement and release, and statute of limitations. She later filed a counterclaim, asserting breach of a settlement agreement between herself and McClintock. McClintock amended his petition to include claims for fraudulent inducement to contract, fraud by nondisclosure, negligent misrepresentation, common law fraud, and declaratory judgment regarding the validity of the settlement agreement.

On February 14, 2023, Cleaver filed a motion for summary judgment, which the trial court granted in its March 24, 2023 Final Order Granting Summary Judgment, which rendered judgment that McClintock take nothing on his claims and that Cleaver recover from McClintock actual damages, reasonable and necessary attorney's fees, court costs, and postjudgment interest on the foregoing. That

judgment also awarded conditional appellate attorney's fees should Cleaver prevail on an appeal of the judgment to an intermediate court of appeals or the Texas Supreme Court. This appeal followed.

On November 21, 2023, McClintock filed his brief. On November 28, this Court sent written notice to McClintock that his brief did not satisfy the minimum requirements of the Texas Rules of Appellate Procedure. That notice advised McClintock that his brief was deficient as follows:

(1) it does not contain a complete list of all parties to the trial court's judgment;

(2) it does not contain a table of contents with references to the pages of the brief;

(3) the table of contents does not indicate the subject matter of each issue or point, or group of issues or points;

(4) it does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited;

(5) it does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references;

(6) it does not concisely state all issues or points presented for review;

(7) it does not contain a concise statement of the facts supported by record references;

(8) it does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief;

(9) the argument does not contain appropriate citations to authorities;

(10) the argument does not contain appropriate citations to the record;

(11) it does not contain a short conclusion that clearly states the nature of relief sought;

(12)  it does not contain a proper certificate of compliance;

(13)  it does not contain a proper certificate of service; and

(14)  the trial court's judgment is omitted from the appendix.

We gave McClintock ten days to correct the specified deficiencies and cautioned him that failure to make those corrections "may result in dismissal of this appeal without further notice from the Court." McClintock failed to file an amended brief, and this appeal was submitted on McClintock's deficient brief.

### DISCUSSION

On appeal, as in trial, a pro se appellant must properly present her case. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although we liberally construe pro se briefs, litigants who represent themselves are required to comply with applicable rules and are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *In re N.E.B.*, 251 S.W.3d at 212.

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1; *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Under those rules, an appellant's brief must concisely state all issues or points presented for review and, among other things, "contain a clear and concise argument for the contentions made,

–4–

with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Briefing rules are to be construed liberally in an effort to ascertain the real basis of appeal. *Manney & Co. v. Tex. Rsrv. Life Ins. Co.*, 407 S.W.2d 345, 349 (Tex. App.—Dallas 1966, no writ).

Briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case. TEX. R. APP. P. 38.9. Substantial compliance with the briefing rules is sufficient. *Id.* If, after reviewing the appellant's brief, we determine there is a formal defect in the appellant's briefing because the appellant has flagrantly failed to acquaint the court with the issues in the case and present argument that will enable us to decide the case, we may require a brief to be amended. *Id.* We may make any order necessary for a satisfactory submission of the case. *Id.* When an appellant submits a brief from which we cannot identify the legal arguments and issues, the brief must be corrected to permit a satisfactory submission of the case before we resolve the appeal. Where the briefing defect has been noted, and the party has been given the opportunity to cure but fails to do so, we may resolve the case as necessary. *See* TEX. R. APP. P. 44.3.

Despite having been given an opportunity to correct the deficiencies in his brief, appellant failed to do so. Therefore, this case was submitted on McClintock's November 21, 2023 brief consisting of four pages. Those pages include a paragraph titled "facts" that does not include any record references. *See* TEX. R. APP. P. 38.1(g). The conclusion seeks "a court order mandating standard AICPA Trust

accountancy that cannot be waived and the appointment of a qualified successor trustee," which does state the nature of relief this Court may afford. *See* TEX. R. APP. P. 38.1(j), 43.2 (listing permitted types of judgment). The remainder of the brief is comprised of "legal arguments," all of which appear to be arguments supporting his claims at the trial court, rather than contentions of trial court error reviewable by this Court. *See* TEX. R. APP. P. 38.1(h), (i). In addition, McClintock's brief does not contain a complete list of all parties to the trial court's judgment and counsel appearing in the trial or appellate courts, a table of contents, an index of authorities, or a statement of the case. *See* TEX. R. APP. P. 38.1(a)–(d). He also failed to include an appendix with the trial court's judgment. *See* TEX. R. APP. P. 38.1(k).

McClintock has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. *See* TEX. R. APP. P. 38.1. We may not speculate as to the substance of the specific issues McClintock may be trying to raise with these arguments and may not make a party's argument for him. *Strange*, 126 S.W.3d at 678. We have no duty or right to perform an independent review of the record and the applicable law to determine if the trial court erred. *Id.* And there is no court reporter's record in this case because McClintock failed to secure the record despite opportunities to do so.

We are reluctant to decide a case on the basis of briefing waiver, as the rules express a clear preference for resolution on the merits where possible. But where,

as here, the party has been notified of procedural and substantive deficiencies in a brief and fails to correct them so as to remit a satisfactory submission of the case, we are presented with only the presumption of correctness of the underlying judgment.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
230373F.P05                                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
EUGENE A. MCCLINTOCK
LIVING TRUST DATED
JANUARY 29, 2010,

No. 05-23-00373-CV

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-06694.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KELLY A. CLEAVER recover her costs of this appeal from appellant KENNETH L. MCCLINTOCK.

Judgment entered this 9th day of September 2024.